Citation Nr: 1761228 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-28 147 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico



THE ISSUE

Entitlement to service connection for a low back disability.



WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

James R. Siegel, Counsel 




INTRODUCTION

The appellant is a Veteran who served on active duty from January 1985 to January 1988. This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision by the Montgomery, Alabama Department of Veterans Affairs (VA) Regional Office (RO) that found that new and material evidence to reopen the claim had not been received. The case is now in the jurisdiction of the Albuquerque, New Mexico RO. In February 2016, a videoconference hearing was held before the undersigned; a transcript is in the record. In March 2016, the Board reopened the claim and remanded it for de novo consideration of the claim. In November 2016, the Board again remanded the claim for additional development and to ensure due process. 

[The Veteran was previously represented in this appeal by an attorney who has withdrawn representation. She was so advised by letter in January 2017, and afforded opportunity to appoint another representative. She has not done so, and is assumed to be proceeding pro se.]

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's service treatment records (STRs) show that she was seen twice in 1987 for complaints of back pain. On April and May 1988 VA examinations, the Veteran related that in 1987 she was hospitalized for the back pain. Records of the hospitalization are not among her STRs. The Board's November 2016 remand, in part, instructed that the Veteran be asked to provide identifying information and that the records be secured. 

In March 2017, the Veteran completed a VA Form 21-4142a indicating that she was treated at Elmendorf hospital in 1986. A letter to her from VA that month advised that the records had been requested. Subsequently, VA's Private Medical Records Retrieval Center (PMRRC) advised that the request for records from Elmendorf Hospital was rejected because it was a VA, military or federal (and not private) facility. Elmendorf Air Force Base is a U.S. Armed Forces facility, and there is no explanation in the record as to why the records were sought through the PMRRC or why there was no follow-up via appropriate channels once the request was returned. The Board also notes that there are conflicting reports in the record as to whether the hospitalization was in 1986 or 1987 (and both years should be encompassed in the records request). 

As there has not been compliance with the Board's remand instructions, corrective action is necessary. See Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. The AOJ (noting that there are conflicting reports as to whether it was in 1986 or 1987) should ask the Veteran to clarify (to the best of her recollection) when she was hospitalized at Elmendorf Air Force Base. The AOJ should then arrange for exhaustive development to should secure for the record via appropriate channels complete clinical records of the Veteran's hospitalization at Elmendorf (if the Veteran is unable to provide further detail the request should encompass both years, i.e., 1986 and 1987). If the records are unavailable, the reason should be noted in the record (e.g., the records have been irretrievably lost or destroyed or there is no record of the Veteran being hospitalized, as reported), and the Veteran should be so advised.

2. If the Elmendorf hospitalization records sought above are received (and if appropriate based on additional information therein), the AOJ should arrange for the record to be returned to the VA examiner who provided the May 2017 opinion (if that provider is unavailable, forwarded to another appropriate physician) for review and an addendum advisory medical opinion regarding the likely etiology of the Veteran's low back disability, to specifically include whether it is at least as likely as not (a 50% or greater probability) that the current low back disability is related to the Veteran's back complaints in service or was caused or aggravated (any opinion must address aggravation) by her service connected right and/or left knee disabilities. 

All opinions must include rationale with citation to factual data/medical literature, as deemed appropriate.

3. The AOJ should then review the record and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012.


_________________________________________________
GEORGE R. SENYK 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).